UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOEL DEAN (#309740)

VERSUS

CIVIL ACTION

JAMES LEBLANC, ET AL

NUMBER 11-833-BAJ-SCR

### ORDER TO PAY FULL FILING FEE

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain, Dr. Toby Momah, Mental Health Director Carrol Gilcrease, Assistant Warden Chad Menzina, Medical Director Jonathan Roundtree and an unidentified doctor. Plaintiff alleged that he was denied adequate medical treatment in violation of his constitutional rights. Specifically, the plaintiff alleged that he has HIV and suffers from depression. Plaintiff alleged that medical personnel advised him that he cannot be placed on HIV medication until he no longer hears voices. Plaintiff alleged that medical personnel can treat both conditions and he should be moved to the mental health unit to treat his depression.

Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis. However, a review of the court's records showed that the plaintiff is barred from proceeding in

forma pauperis.

Section 1915 of Title 28 of the United States Code provides in pertinent part the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can

be granted.[1]  Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury.  Plaintiff's claims are insufficient to fall under the exception.

Therefore;

IT IS ORDERED that the plaintiff is barred from proceeding in forma pauperis because he has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the plaintiff is granted 21 days from the date of this order to pay the court's filing fee in the amount of **$350**.

**The filing fee must be paid in full in a single payment.  No partial payment of fees will be accepted.**  Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, December 21, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1]  A partial list of cases dismissed as frivolous or for failure to state a claim include: *Noel Dean v. N. Burl Cain, et al*, CV 10-671-BAJ-CN (M.D. La.) (two strikes); and, *Noel Dean v. Howard Prince, et al*, CV 10-463-BAJ-DLD (M.D. La.).